UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIRNA A VASQUEZ,

    Plaintiff,

    v.

BANK OF AMERICA, N.A., et al.,

    Defendants.

Case No. 15-cv-04072-RS

**ORDER DENYING BANK OF AMERICA'S MOTION TO DISMISS**

## I.  INTRODUCTION

Plaintiff Mirna A. Vasquez entered into a mortgage agreement with Defendant Bank of America, North America ("BANA"), in 2007 to purchase her single-family home in Daly City, California. After going through some financial troubles, Vasquez sought and received a loan modification with BANA. She made timely modified payments, and the temporary loan modification agreement became permanent. In May 2013, however, Vasquez discovered that BANA had been reporting to the credit reporting agencies that she was behind on her mortgage payments and had an unpaid balance. She disputed these reports, and BANA removed the report about the past-due balance, but did not correct the reports about late payments. In July 2015, Vasquez sent new dispute letters to Trans Union, Experian, and Equifax, and each responded in August 2015, confirming that BANA was still reporting that Vasquez had made late payments four months in a row from December 2012 through March 2013.

On September 8, 2015, Vasquez filed this suit, claiming that BANA violated the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681n and 1681o, and the California Consumer Credit Reporting Agencies Act ("CCRA"), Cal. Civ. Code § 1785.25(a). Both claims for relief have two-year statutes of limitations. BANA has filed a motion to dismiss Vasquez's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Vasquez did not file her claims within the two-year statute of limitations. This matter is suitable for disposition without oral argument pursuant to Local Rule 7-1(b). Because Vasquez filed her FCRA and CCRAA claims within two years of discovering that BANA had failed reasonably to investigate her 2015 dispute and that BANA had reported inaccurate information to a credit reporting agency, her claims are timely. Accordingly, BANA's motion to dismiss the complaint is denied.

## II. FACTS AND PROCEDURAL HISTORY

In order to purchase her single-family home, Vasquez entered into a mortgage agreement with BANA. In 2012, Vasquez experienced some financial difficulty, causing her to seek a loan modification from BANA. She and BANA agreed to a loan modification to begin with a three-month trial period. BANA's representative told Vasquez "not to make any additional payments until the bank contacted her regarding a permanent modification." Compl. ¶ 13. Vasquez made three modified payments at the lower rate as agreed on November 1, 2012, December 1, 2012, and January 1, 2013. On February 14, 2013, BANA sent a permanent loan modification agreement, which Vasquez signed and returned on February 26, 2013.

In May 2013, Vasquez noticed that BANA had been reporting to the credit reporting agencies that she was past due on her mortgage payments in the amount of $6,969 and that she had made late payments four months in a row between December 2012 and March 2013. Vasquez believed that BANA's reports were erroneous. To address this problem, Vasquez sent dispute letters to BANA and the reporting agencies, notifying them that she was current on her payments according to the terms of the modified loan agreement. On July 30, 2013, BANA responded to the dispute letter and informed Vasquez that it had directed the credit reporting agencies to remove the unpaid-balance report. According to the complaint, BANA did not correct the reports that Vasquez had made late payments in December 2012, January 2013, February 2013, and March

2013.

In July 2015, Vasquez again sent detailed dispute letters about BANA's reporting to Trans Union, Experian, and Equifax. These agencies sent Automatic Consumer Dispute Verifications ("ACDV") to BANA. In response to the ACDVs, BANA informed the credit reporting agencies that Vasquez had made late payments between December 2012 and March 2013. Equifax continued to report that Vasquez made her mortgage payments thirty days late in January and February 2013. Experian disclosed that Vasquez made her mortgage payments thirty days late between December 2012 and February 2013 and sixty days late in March 2013. Trans Union stated that Vasquez was thirty days late making payments in January and February 2013 and sixty days late in March 2013. Vasquez claims that these credit reports are inaccurate and misleading and filed claims for relief to that effect on September 8, 2015.

### III.   LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations are not required," but a complaint must provide sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).

Federal Rule of Civil Procedure 12(b)(6) provides a mechanism to test the legal sufficiency of the averments in the complaint. Dismissal is appropriate when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint in whole or in part is subject to dismissal if it lacks a cognizable legal theory or the complaint does not include sufficient facts to support a plausible claim under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating a complaint, the court must accept all its material allegations as true and construe them in the light most favorable to the non-moving party. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard requires "more than a sheer possibility that the defendant

has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). When plaintiffs have failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

### IV.  DISCUSSION

BANA argues that the two-year statutes of limitations under the FCRA and CCRA expired in May 2015—two months before Vasquez filed her complaints. BANA contends that a cause of action under the FCRA and CCRA accrues on the date the plaintiff discovers the inaccurate reporting and that Vasquez discovered the inaccurate reporting in May 2013. Vasquez argues that a claim for relief under the FCRA accrued in May 2015 when BANA supposedly failed reasonably to investigate her dispute letter. In addition, she insists that the FCRA's statute of limitations restarted each time BANA sent the credit reporting agencies an inaccurate report about the account. In other words, the statute of limitations resets each month BANA sent an inaccurate report to the credit reporting agencies.

The FCRA requires plaintiffs to file claims for relief "not later than the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. A furnisher of credit information must reasonably investigate "the completeness or accuracy of any information provided by a [furnisher of information] to a credit reporting agency" after receiving notice from a credit reporting agency of a dispute. *Id.* § 1681s-2(b)(1). *Deaton v. Chevy Chase Bank*, 157 F. App'x 23, 24 (9th Cir. 2005); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir.2002).

According to the complaint, BANA received two dispute letters—one in May 2013 and another in July 2015. Both letters disputed BANA's reports that Vasquez had made late payments between December 2012 and March 2013. Vasquez's FCRA claim is timely if the statute of limitations resets each time Vasquez sent BANA a dispute letter, regardless of whether she had

disputed the information before.

Federal courts are split on the question of whether each separate notice of dispute triggers a duty to investigate even if the information has been disputed previously. The majority of courts have concluded that "each separate notice of dispute triggers a duty to investigate the disputed information, regardless of whether the information has been previously disputed," and each time a furnisher fails reasonably to investigate the dispute results in a new FRCA violation. *Marcinski v. RBS Citizens Bank, N.A.*, 36 F. Supp. 3d 286, 290 (S.D.N.Y. 2014); *see also, e.g.*, *Maiteki v. Marten Transp. Ltd.*, 4 F. Supp. 3d 1249, 1253-54 (D. Colo. 2013); *Young v. LVNV Funding LLC*, No. 12 CV 1180, 2013 WL 4551722, at *3 (E.D.Mo. Aug. 28, 2013); *Broccuto v. Experian Info. Solutions, Inc.*, No. CIV.A. 3:07CV782HEH, 2008 WL 1969222, at *4 (E.D. Va. May 6, 2008); *Larson v. Ford Credit*, No. 06-CV-1811, 2007 WL 1875989 at *4 (D. Minn. June 28, 2007). Other federal courts have reached the opposite conclusion, reasoning that allowing a second dispute letter to trigger a new statute of limitations would permit plaintiffs "to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency." *Bittick v. Experian Info. Sols., Inc.*, 419 F. Supp. 2d 917, 919 (N.D. Tex. 2006); *see also Hatten v. Experian Info. Sols., Inc.*, No. 12-12236, 2013 WL 5179190, at *4 (E.D. Mich. Sept. 12, 2013) (same); *Blackwell v. Capital One Bank*, No. 606CV066, 2008 WL 793476, at *3 (S.D. Ga. Mar. 25, 2008) (same).

The plain language and purpose of the FRCA compel the conclusion that each dispute letter triggers a duty to investigate, regardless of whether the information has been previously disputed. Nothing in the text of 15 U.S.C. § 1681s-2 limits a furnisher's duty to investigate only to novel disputes. Indeed, the language plainly requires investigation into "*a dispute* with regard to the completeness or accuracy of *any information*." *Id.* (emphasis added). Moreover, the express "purpose of the FCRA is to ensure consumer reporting procedures that are 'fair and equitable to the consumer.'" *Marcinski*, 36 F. Supp. 3d at 291 (quoting 15 U.S.C. § 1681(b)). Reading the statute to trigger a duty to investigate even in the case of re-reports comports with that purpose—particularly if the furnisher of information does not correct its past mistakes. Thus,

1   Vasquez's FCRA claim for relief accrued in the summer of 2015 when BANA supposedly failed
2   reasonably to investigate the dispute, and thus the claim is timely.
3        In addition, Vasquez argues that a separate claim for relief under the FCRA accrues each
4   time BANA sent an inaccurate report to one of the credit reporting agencies.  The Fifth Circuit has
5   held that, under the FCRA, "each transmission of the same credit report is a separate and distinct
6   tort to which a separate statute of limitations applies" because the injury to the plaintiff occurs
7   when the negative credit report is transmitted to an institution, which uses the report to deny credit
8   to the consumer.  *Hyde v. Hibernia Nat'l Bank in Jefferson Parish*, 861 F.2d 446, 449-50 (5th Cir.
9   1988) (internal quotation marks and alterations omitted); *see also Marcinski*, 36 F. Supp. 3d at
10  292; *Fleischmann v. Care Credit*, No. CV 12-08032 DDP FMOX, 2012 WL 6082893, at *3 (C.D.
11  Cal. Dec. 6, 2012); *Cathcart v. Am. Express*, No. 4:11CV2125 JAR, 2012 WL 5258820, at *2-3
12  (E.D. Mo. Oct. 23, 2012).  Under the Fifth Circuit's rule, Vasquez's FRCA claim is timely
13  because she filed her claim within two years after discovering that BANA had reported inaccurate
14  information to a credit reporting agency.  *See* 15 U.S.C. § 1681p(1).  At least two courts have
15  rejected the *Hyde* theory of liability on the grounds that such a rule would create a perpetual
16  statute of limitations.  *Bittick*, 419 F. Supp. 2d at 918-19; *Hancock v. Charter One Mortg.*, No. 07-
17  15118, 2008 WL 2246042, at *2 (E.D. Mich. May 30, 2008).
18       Given the purpose of the FRCA, Vasquez has the better argument.  If a bank repeatedly
19  reports inaccurate information to a credit reporting agency that has a negative impact on a
20  consumer's credit, each inaccurate report is a separate and distinct harm for which the FRCA
21  provides a remedy.  FRCA requires only that the plaintiff bring a claim for relief within two years
22  of discovering that the bank provided inaccurate information.  Nothing in the FRCA suggests
23  otherwise.
24       BANA also urges rejecting *Hyde* on the theory that the Fifth Circuit was interpreting an
25  older version of § 1681p, which did not include a general discovery provision.  However, the Fifth
26  Circuit did not rely on an implied general discovery rule to conclude that a furnishing agency
27  violates the FCRA each time it sends an inaccurate report to a credit reporting agency.  *See Hyde*,
28

861 F.2d at 449-50.  In *TRW Inc. v. Andrews*, 534 U.S. 19, 33 (2001), the Supreme Court rejected the argument that the pre-2003 version of § 1681p, which required bringing a claim under the FRCA "within two years from the date on which the liability arises" included a general discovery rule.  Since *TRW*, Congress amended § 1681p to include such a discovery rule.  Neither *TRW* nor the 2003 altered *Hyde*'s underlying rationale, and therefore there have been no changes in the law that would require rejecting *Hyde*.  Thus, Vasquez's claim is timely if she filed her complaint within two years of discovering that BANA had reported inaccurate information to the credit reporting agencies, which she did.

Like the FRCA, the CCRAA requires that a plaintiff commence her action "within two years from the date the plaintiff knew of, or should have known of the violation of this title, but not more than seven years from the earliest date on which liability could have arisen."  Cal. Civ. Code § 1785.33(a).  Vasquez's CCRAA claim is therefore timely because she filed it within two years of discovering BANA's failure reasonably to investigate her 2015 dispute.  *Prosser v. Navient Sols., Inc.*, No. 15-CV-01036-SC, 2015 WL 5168635, at *6 (N.D. Cal. Sept. 3, 2015).

## V.     CONCLUSION

Vasquez filed timely claims for relief under the FRCA and CCRAA.  Accordingly, BANA's motion to dismiss is denied.

**IT IS SO ORDERED**.

Dated:  November 13, 2015

_____
RICHARD SEEBORG
United States District Judge